UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BOLLINGER LAROSE, LLC | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 054240 |
| | : | |
| RAYTHEON COMPANY, *in personam*, | : | SECTION S |
| OSV ROSEANNA, her engines, tackle, | : | |
| equipment and furnishings, etc., *in rem*. | : | MAGISTRATE 1 |

**DEFENDANT RAYTHEON COMPANY'S MOTION TO TRANSFER CASE**

Defendant Raytheon Company ("Raytheon") respectfully moves this Court to transfer this case to the United States District Court for the District of Rhode Island. As grounds for this motion, Raytheon states that this case involves issues that substantially overlap with those presented in a case previously filed in the United States District Court for the District of Rhode Island.[1] Under the "first-to-file" rule, this Court should transfer this case to District of Rhode Island for any future proceedings. The facts and legal authority supporting this motion are set forth in the accompanying memorandum.

[1] That case, styled *Raytheon Company v. Bollinger Shipyards, Inc.*, C.A. No. 05-371S, was commenced on August 29, 2005.

Respectfully submitted,

RAYTHEON COMPANY
By its Attorneys,

Robert H. Murphy, Esquire
Murphy, Rogers, Sloss & Gambel
400 One Shell Square
701 Poydras St.
New Orleans, LA 70139
Tel: 504-523-0400
Fax: 504-523-5574

Of Counsel:
William E. O'Gara, Esquire (R.I. Bar #4257)
PANNONE LOPES & DEVEREAUX LLC
One Financial Plaza, Suite 1800
Providence, RI 02903
(401) 824-5100
(401) 824-5123 (Fax)

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I have on this 1st day of May 2006, served a copy of the foregoing pleading on counsel for all parties to this proceeding, either by hand, by telefax or by placing same in the United States Mail, properly addressed, and first class postage prepaid.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BOLLINGER LAROSE, LLC | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 054240 |
| | : | |
| RAYTHEON COMPANY, *in personam*, | : | SECTION S |
| OSV ROSEANNA, her engines, tackle, | : | |
| equipment and furnishings, etc., *in rem*. | : | MAGISTRATE 1 |

**MEMORANDUM IN SUPPORT OF DEFENDANT RAYTHEON COMPANY'S MOTION TO TRANSFER**

**MAY IT PLEASE THE COURT:**

Because this case involves the same factual issues, same contracts and other issues that substantially overlap with those presented in a case previously filed in the United States District Court for the District of Rhode Island,[1] this Court should grant Defendant Raytheon Company's motion and transfer the case to District of Rhode Island for any future proceedings. As discussed herein, the "first-to-file" rule is fully applicable to this case and, accordingly, this Motion to Transfer should be granted and this case transferred for resolution on the merits to the United States District Court for the District of Rhode Island.

[1] That case, styled *Raytheon Company v. Bollinger Shipyards, Inc.*, C.A. No. 05-371S, was commenced on August 29, 2005. A copy of the Complaint in that action is attached hereto as Exhibit A.

## I. BACKGROUND

This case arises from a contract entered into between Raytheon Company ("Raytheon"), a defense contractor, and Bollinger Larose, LLC ("Bollinger" or "plaintiff") in connection with the testing of a new maritime defense system. The contract called for Bollinger to install and later remove a keel-mounted sonar dome and related components modify on the OSV ROSEANNA, a 165-foot Off-Shore Supply Vessel chartered by Raytheon for testing purposes. The parties' agreement was a Defense Priority and Allocation System (DPAS) rated purchase order, and was rated DOA7. Pursuant to the Defense Production Act, a DO rating is assigned to those programs that are vital to national defense. A DO order takes priority over non-DO rated order. Under the contract, Bollinger was required to follow all provisions related to defense priorities.

The contract called for Bollinger to receive a fixed price of $698,437. Under the contract, work was to begin on March 1, 2005, at Bollinger's Larose, Louisiana, and Algiers Louisiana shipyards. Bollinger failed to commence the work on the specified date, and subsequently put the vessel in its Gulf Repair drydock in New Orleans on March 21, 2005. Bollinger thereafter sought an additional $188,000 from Raytheon to cover the additional expense of using the larger and more expensive Gulf Repair drydock. Raytheon has declined to pay the additional sums because the contract called for Bollinger to receive a fixed price.

When the parties were unable to reach an accord with respect to Bollinger's demand, Raytheon filed an action in the United States District Court for the District of Rhode Island seeking a declaration that it was not liable under the contract to Bollinger for the additional sums demanded by the plaintiff. (See Exhibit A.) The Rhode Island action was filed on August 29, 2005. Approximately one month later, on September 26, 2005, Bollinger commenced the

present action. In the present case, Bollinger seeks to hold Raytheon liable for damages on the parties' contract. Bollinger also seeks to enforce a maritime lien against the OSV ROSEANNA, the vessel on which Bollinger performed the work at issue.

## II. LEGAL STANDARD

Under the first-to-file rule, when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap. *See Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997); *West Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 728 (5th Cir. 1985). The rule rests on principles of comity and sound judicial administration. *See Save Power*, 121 F.3d at 950; *West Gulf*, 751 F.2d at 728. "The concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *West Gulf*, 751 F.2d at 729. Complete identity of neither the parties nor of the lawsuit itself is required for dismissal or transfer of a case filed subsequently to an action with substantial overlap of substantive issues. *See Save Power*, 121 F.3d at 950-51. In conducting its inquiry on a motion to transfer the second-filed court "properly limit[s] its inquiry to the potential overlap between the two cases." *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 606 (5th Cir. 1999). If overlap is found, the proper course of action is for the second-filed court to transfer the case to the first-filed court for a determination on which case should proceed. *Id.*

## III. ARGUMENT

**There is Substantial Overlap Between the Rhode Island and Louisiana Cases.**

The fundamental and dispositive issue in both the Rhode Island and Louisiana actions is whether Raytheon is liable to Bollinger under the parties contract for the additional amounts sought by the plaintiff. If Bollinger cannot prove that it is owed additional money under the terms of its contract with Raytheon, then it will not be entitled to any of the relief sought in this action, either in personam against Raytheon or in rem against the vessel. It is manifest that if Bollinger was compensated for all the labor, materials and services supplied to the vessel pursuant to the terms of the contract, it has no remedy against Raytheon or the OSV ROSEANNA.

Because the first-filed Rhode Island action calls upon that Court to make a determination on this fundamental issue, there is substantial overlap between the cases and this Court should transfer the present action to the District of Rhode Island. *See Cadle Co.*, 174 F.3d 606; *Save Power*, 121 F.3d at 948. The fact that the actions are not identical and that an additional party is named in the present case, is not grounds to deny transfer. The Fifth Circuit has instructed that neither the parties nor the lawsuit itself need be identical in order for the first-to-file rule to be invoked. *See Save Power*, 121 F.3d at 950-51; *Cadle Co.*, 174 F.3d 599 (directing district court to transfer case even though second-filed action named two defendants who were not parties in first-filed case).

## IV. CONCLUSION

For the foregoing reasons, Raytheon Company respectfully submits that this Court should grant its motion to transfer this action to the United States District Court for the District of Rhode Island.

Respectfully submitted,

RAYTHEON COMPANY

By its Attorneys,

Robert H. Murphy

Robert H. Murphy, Esquire
Murphy, Rogers, Sloss & Gambel
400 One Shell Square
701 Poydras St.
New Orleans, LA 70139
Tel: 504-523-0400
Fax: 504-523-5574

Of Counsel:
William E. O'Gara, Esquire (R.I. Bar #4257)
PANNONE LOPES & DEVEREAUX LLC
One Financial Plaza, Suite 1800
Providence, RI 02903
(401) 824-5100
(401) 824-5123 (Fax)

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I have on this 1st day of May 2006, served a copy of the foregoing pleading on counsel for all parties to this proceeding, either by hand, by telefax or by placing same in the United States Mail, properly addressed, and first class postage prepaid.

RHMurphy